UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 26-40437 |
| ALEXIS NACINE ELLINGTON, *pro se*, | Chapter 7 |
| Debtor. | Judge Thomas J. Tucker |

______________________________ /

**OPINION AND ORDER REGARDING THE DEBTOR'S MOTION TO SEAL HER BANKRUPTCY CASE AND REDACT ANY PERSONAL INFORMATION FROM BANKRUPTCY RECORDS**

This case is before the Court on the Debtor's motion, filed on January 16, 2026, entitled "Motion [For] Consideration - Seal[] and Redact Personal Info[rmation]" (Docket # 7, the "Motion"). The Motion requests that the Court seal some or all of the filings in this bankruptcy case and redact any personal information from bankruptcy records.[1] The Motion states, in relevant part:

> Please redact personal info[rmation].
>
> I am a victim of domestic violence[,] . . . stalking [and] physical violence. I am residing in a temporary [domestic violence] living arrangement[]. I would like to have my case sealed for safety reasons. I am a part of the Address Confidentiality Program. . . . Asking court to please not make case visible to public due to my privacy. . . .[2]

The Court will grant limited relief in response to the Motion. According to the Motion, the Debtor is residing at an undisclosed location, and is part of the Address Confidentiality

[1] The Debtor filed this bankruptcy case on January 16, 2026, the same day she filed the Motion.

[2] Mot. (paragraph numbers and capitalization omitted).

Program established under Michigan law in 2020.[3] The Court will permit the Debtor to use her designated substitute address under the Address Confidentiality Program, instead of her real address, in any papers she files in this case.[4] This should prevent any alleged abuser from discovering the Debtor's location from her bankruptcy filings, and should alleviate the Debtor's expressed safety concern.

Except for that limited relief, the Court must deny the Motion. The Motion does not demonstrate any valid ground for the Court to seal or hide from public access any filings in this case. Case filings in this Court are public, and are not to be sealed, with few exceptions. As the Court explained at length in a prior case, *In re Lopez*, 666 B.R. 555, 558-560 (Bankr. E.D. Mich. 2025):

> There is a strong presumption that documents filed in the federal courts, including bankruptcy courts, are to be available to the public. As the United States Court of Appeals for the Sixth Circuit

---

[3] This program is described as follows on the website of the Michigan Attorney General:

> In December 2020, Governor Whitmer signed the Address Confidentiality Program Act, 301 of 2020. The Address Confidentiality Program (ACP) was created to provide certain protections for victims of domestic violence, sexual assault, stalking, human trafficking, or those who fear that disclosure of their physical address will increase the risk of harm.
>
> ACP is a statewide confidentiality program administered by the Michigan Department of Attorney General. ACP operates to shield a program participant's actual physical address by providing an official designated/substitute address and free mail forwarding service.

https://www.michigan.gov/ag/initiatives/address-confidentiality-program.

[4] For noticing purposes in this case, the Court notes that the Debtor has filed a request to receive notices by e-mail (Docket # 8). The Debtor's petition also has provided a P.O. Box address as the Debtor's mailing address, and the Debtor may be served at that address, which is P.O. Box 2628, Canton, MI 48187.

has explained:

> The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson* [*Tobacco Corp. v. F.T.C.*], 710 F.2d [1165,] 1179 [6th Cir. 1983]. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See*, *e.g*., *Press–Enter. Co. v. Superior Court of California*, *Riverside Cnty*., 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter [Int'l, Inc. v. Abbott Labs*., 297 F.3d [544,] 545 [(7th Cir. 2002)].
>
> In like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson.* (There, our court "reach[ed] the question" of the district court's seal "on our own motion." *Id.*) As our decision there illustrates, a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests

> supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal. *Id.*; *see also United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because ''[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order").

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016) (emphasis added).

The filing of a bankruptcy case, and the entry of a discharge in that case, are public events, in that the bankruptcy court may not keep them secret from the general public.

The Bankruptcy Code has codified the strong presumption of the public's right of access to papers filed in a bankruptcy case, in § 107(a) of the Bankruptcy Code, 11 U.S.C. § 107(a). Section 107 also codifies certain limited circumstances under which the bankruptcy court may restrict public access to documents filed, in 11 U.S.C. § 107(c), and even some circumstances under which the court must restrict the public's access to court documents upon the request of a party in interest, in 11 U.S.C. § 107(b). *See In re Thomas*, 583 B.R. 385, 390 (Bankr. E.D. Ky. 2018) (Under "Section 107 of the Bankruptcy Code[,] . . . Congress has codified a strong presumption in favor of public access to all papers filed [in bankruptcy matters, and this provision also] identifies certain narrow categories of documents that, notwithstanding the presumption, may be entitled to protection[.]"); *see also* 2 *Collier on Bankruptcy* ¶ 107.01 (16th ed. 2024) (footnote omitted). "Any limitation on the public's right of access, however, must be viewed as an extraordinary measure that is warranted only under rare circumstances." 2 *Collier on Bankruptcy* ¶ 107.03[1] (footnote omitted) (citing 6 Moore's Federal Practice, §§ 26.101–26.105 (Matthew Bender 3d ed.)).

Section 107 of the Bankruptcy Code is entitled "Public

access to papers," and states, in pertinent part:

> (a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A).
>
> 11 U.S.C. § 107.

The Debtor's Motion does not satisfy the requirements for sealing any court filings, or for restricting public access to them. Rather, at most, the Motion justifies the limited relief that the

Court is providing in this Order, below.

The Debtor's Motion, like the motion in *Lopez*,

> does not allege any concrete, particularized injury or invasion of any legally protected interest that the Debtor has actually personally suffered, or that the Debtor will personally imminently suffer, if the Debtor's bankruptcy records are not sealed. *See generally Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) (discussing the requirements of Article III standing).

*See id.* at 561. The Motion is insufficient, because it does not specify exactly what "personal info[rmation]" the Debtor wants the Court to "seal[] and redact[,]" and it does not explain how the Debtor's bankruptcy records being public would give rise to any "safety issues."

For these reasons,

IT IS ORDERED that the Motion (Docket # 7) is granted in part, to the extent of the following relief, but otherwise the Motion is denied.

IT IS FURTHER ORDERED that the Debtor may use her designated substitute address under the Michigan Address Confidentiality Program, instead of her real address, in any papers she files in this case.

IT IS FURTHER ORDERED that the Debtor must give her real address to the Chapter 7 Trustee and the United States Trustee.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtor's right to file one or more new motions seeking an order restricting public access to one or more specific papers filed, previously or in the future, in this case, if they contain the Debtor's real address.

**Signed on January 22, 2026**




**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**